IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03001-REB-KLM

DAVID MERRILL,

    Plaintiff,

v.

STATE OF COLORADO CAPITAL FINANCE CORPORATION,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Petition for Writ of Enforcement** [Docket No. 20; Filed December 28, 2009] (the "Petition").

Plaintiff is proceeding in this matter *pro se*. In the Petition, Plaintiff seeks an "appropriate writ of enforcement on [his] $20M lien" and requests that the Court "issue an Order for the State of Colorado Capital Finance Corporation to deposit $20,000,000.00 in funds" into his bank account. *Petition* [#20] at 5-6. Because Plaintiff is proceeding *pro se*, the court must construe his filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall,* 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price.* 17 F.3d 1276, 1277 (10th Cir. 1994).

The Petition is largely unintelligible. Plaintiff does not allege that he has a valid judgment against Defendant, or any other legitimate legal basis for assertion and enforcement of a "lien." Instead, Plaintiff appears to assert that he was the victim of a conspiracy on the part of various state court legal officials. He seeks a lien upon twenty million dollars as compensation for wrongs that he alleges were committed against him. Plaintiff has filed a variety of documents in this matter, beginning on November 17, 2008, which mainly consist of statements related to a state court criminal proceeding in which Plaintiff was the Defendant. *See* Docket No. 1. In these filings, Plaintiff makes various vague allegations to the effect that state legal officials conspired against him and engaged in improper procedures, complaints related to an arrest warrant issued against him, and allegations related to a court-ordered mental competency hearing that he contends was unjust. *See* Dockets Nos 1-5, 8-10, 12-19. He has also filed documents purporting to be "arrest warrants" for individuals he believes have wronged him and owe him money. *See* Docket Nos. 6 &14.

No Complaint has been filed in this matter and no Defendant has been served.[1] The Petition does not serve to commence a civil action in this Court. *See* Fed. R. Civ. P. 3. Moreover, the Petition is vague and prolix, and it fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. It does not include a "short and plaint statement" of the grounds for federal court jurisdiction or a "short and plain statement of the claim

---

[1] In the Petition, Plaintiff states that he "opened this evidence repository under the header *Habeas Corpus of David Merrill*." *Petition* [#20] at 4. However, no Petition for Writ of Habeas Corpus has been filed in the record. Furthermore, Plaintiff does not allege in the instant Petition that he is in custody, and therefore the Court does not interpret it as a habeas corpus petition. *See* 28 U.S.C. § 2241(c)(3) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody").

showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). Although the Court must construe the filings of a *pro se* litigant liberally, *see Hall v. Bellmon*, *supra*, it is not the Court's role to construct legal argument and causes of action from an unintelligible filing. *See Whitney v. New Mexico*, *supra*. Plaintiff's filings are improper in form and fail to state any cognizable claim for relief. Fed. R. Civ. P. 3 and 12(b)(6).

Accordingly, I respectfully **RECOMMEND** that the Petition be **DENIED** and this case **DISMISSED** and stricken from the Court's active docket.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 15, 2010

BY THE COURT:
s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix