**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-03001-REB-KLM

DAVID MERRILL,

    Petitioner,

v.

STATE OF COLORADO CAPITAL FINANCE CORPORATION,

    Respondent.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#20][1] filed March 15, 2010; and (2) plaintiff's **Objection** [#27] filed March 24, 2010. I overrule the objections, adopt the recommendation, deny plaintiff's petition, and dismiss this case.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***,

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.[2]

I concur with the magistrate judge that action should be dismissed on both procedural and substantive grounds. Procedurally, whether considered individually or collectively, the papers filed by plaintiff fail to satisfy even the liberal requirements of pleading under Fed. R. Civ. P. 8. Substantively, the papers filed by plaintiff fail to state any claim on which relief may be granted.

Therefore, I find and conclude that the arguments advanced, authorities cited,

---

[2] Plaintiff apparently believes that this action has erroneously been filed as a civil action.  He now suggests that the matter should have been docketed as a petition for a writ of *coram nobis*.  **See United States v. Denedo**, – U.S. –, 129 S.Ct. 2213, 2220-21, 173 L.Ed.2d 1235 (2009) (describing the origins of the writ).  Putting aside the fact that the first mention of the writ of *coram nobis* appears in plaintiff's objection, there are at least three problems with his arguments and concomitant objection.

First, there is but one form of non-criminal action in the district courts of the United States, a civil action, which is commenced by the filing of a complaint.  **FED.R.CIV.P.** 2 & 3.  Thus, assuming *arguendo* that plaintiff may be entitled to a writ of *coram nobis*, or any other relief for that matter, he must commence a civil action and file a complaint to secure that relief.  (Neither plaintiff's current Petition for Writ of Enforcement nor his various evidentiary filings – which he refers to variously as "billing process" and an "evidentiary repository" – constitute a complaint sufficient to commence a civil action in this district court.)

Second, *coram nobis* is not the appropriate remedy for the injury of which plaintiff appears to complain, that is, payment of a judgment or debt owed.  "[C]oram nobis is but an extraordinary tool to correct a legal or factual error."  **Denedo**, 129 S.Ct. at 2221.  Nothing in plaintiff's prolix filings suggests that he seeks to correct any such error in a prior proceeding.  Moreover, *coram nobis* is an "extraordinary remedy" and, thus, "may not issue when alternative remedies . . . are available."  **Id.**  Again, nothing in plaintiff's papers indicates that the relief he seeks is anything more extraordinary (except perhaps in amount) than monetary damages or that such relief cannot be secured through the more pedestrian, but usually efficacious, form of a civil action.

Third, the court's power to issue a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, presupposes an independent basis of federal subject matter jurisdiction.  **See id.** at 2222.  Nothing in plaintiff's pleadings regarding the alleged debt suggests that any claim herein arises under federal law.  **See** 28 U.S.C. § 1331 (federal question jurisdiction).  Additionally, although plaintiff styles his action as one involving a foreign judgment, it appears that he and all the individuals and entities implicated herein are located in Colorado, thereby, providing no apparent basis for diversity jurisdiction.  **See id.** § 1332.

and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#20] filed March 15, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objection** [#27] filed March 24, 2010, are **OVERRULED**;

3. That plaintiff's **Petition for Writ of Enforcement** [#20] filed December 28, 2009, is **DENIED**; and

4. That this action is **DISMISSED**.

Dated April 6, 2010, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge